IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN DOVER | ) | |
| individually and on behalf of all others | ) | |
| similarly situated | ) | 2:09-cv-708 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNION BUILDING AND LOAN | ) | |
| SAVINGS BANK | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

August 24, 2009

Presently before the Court is the MOTION TO DISMISS, with brief in support, filed

by Defendant Union Building and Loan Savings Bank (Document Nos. 7 and 8), and

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, filed by

Plaintiff Dawn Dover (Document Nos. 10 and 11).

### BACKGROUND

On June 3, 2009, Dawn Dover ("Plaintiff") commenced this lawsuit by filing a Complaint

(Doc. # 1) alleging Defendant failed to comply with the notification requirements of the

Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.,* ("EFTA" or "the Act"), required before

a bank can impose a transaction fee for a customer's use of an automated teller machine

("ATM").

Defendant Union Building and Loan Savings Bank has filed a Motion to Dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6), in which it contends that the Complaint

fails to state a claim for which relief can be granted under the decisions of the United States

Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* --

U.S.--, 129 S. Ct. 1937 (2009). In the alternative, Defendant has moved for summary judgment

pursuant to Federal Rule of Civil Procedure 56.

The issues have been fully briefed by the parties and the matter is ripe for disposition.

After a careful consideration of the motion, the filings in support and opposition thereto, and the

relevant case law, the Motion to Dismiss will be granted.

### STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a claim for relief must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  Rule 8 requires a showing, rather than a blanket assertion, of entitlement

to relief, and " 'contemplates the statement of circumstances, occurrences, and events in support

of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and

is entitled to it.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (quoting 5

Wright & Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)).  "Each

allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

challenges the legal sufficiency of the complaint.  The court must accept as true all well-pleaded

facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.

However, as the United States Supreme Court made clear in *Twombly*, the "factual allegations

must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555

(citations omitted).  Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Recently, the United States Supreme Court reaffirmed *Twombly* in *Ashcroft v. Iqbal*, -- U.S.--, 129 S. Ct. 1937 (2009), and expressly extended the *Twombly* pleading standard to matters outside the realm of antitrust law.  When a complaint contains well-pled factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.  Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 1949.

However, nothing in *Twombly* or *Iqbal* has changed other pleading standards for a Rule 12(b)(6) motion to dismiss.  The United States Supreme Court did not impose a new heightened pleading requirement, but reaffirmed that Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (*citing Twombly*, 550 U.S. at 555).  Moreover, the United States Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (*citing Twombly*, 550 U.S. at 555-56, 563 n.8).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999);  *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).  However, courts are permitted to consider matters

3

of public record, exhibits attached to the complaint, and undisputably authentic documents

attached to the motion to dismiss without converting the motion to one for summary judgment.

*Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 (3d Cir. 2006).

## ANALYSIS

As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the

non-moving party.  The following background is drawn from the Complaint and the factual

allegations therein are accepted as true for the purpose of this Opinion.  The facts underpinning

Plaintiff's claim are straightforward and not contested.  On or about June 2, 2009, Plaintiff made

an electronic fund transfer at Defendant's ATM machine located at 303 Leopard Lane,

Bridgewater, PA 15009.  *See generally*, Complaint, Doc. # 1.  At the time of the transaction,

Plaintiff did not maintain an account with Defendant.  *Id.*  Plaintiff was charged a "terminal

owner fee" of $3.00 for the transaction.  At the time of the transaction, there was no notice posted

"on or at" the Defendant's ATM to apprise consumers that a fee would be charged for the use of

the ATM.  *Id.*

For its part, Defendant argues that, notwithstanding the facts as alleged by Plaintiff, it is

not subject to liability under the Act as a result of its good faith compliance with the EFTA.  The

issue before the Court is purely a question of law, to wit: does the Defendant's good faith

compliance with the EFTA under the compliance examination procedures of the Federal Deposit

Insurance Corporation ("FDIC") relieve Defendant of civil liability.  The Court concludes that it

does.

The federal government enacted the EFTA as part of the comprehensive Consumer Credit

Protection Act (the "CCPA"), Pub.L. No. 95-630 § 2001, 92 Stat. 3641 (1978) (codified as

amended at 15 U.S.C. § 1601 *et seq.*).  The EFTA protects individual consumer rights by "provid[ing] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b).  One of the EFTA's provisions requires that operators of automated teller machines ("ATMs") provide notice of fees charged to consumers for use of the machine.  It is this provision, 15 U.S.C. § 1693b(d), under which Plaintiff's claim is brought.  Specifically, 15 U.S.C. § 1693b(d) requires:

**(3) Fee disclosures at automated teller machines**

**(A) In general**

The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of--

**(i)** the fact that a fee is imposed by such operator for providing the service; and

**(ii)** the amount of any such fee.

**(B) Notice requirements**

**(i) On the machine**

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

**(ii) On the screen**

The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction....

**C) Prohibition on fees not properly disclosed and explicitly assumed by consumer**

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

> **(i)** the consumer receives such notice in accordance with subparagraph (B); and

> **(ii)** the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

The EFTA defines an "automated teller machine operator" as a person who operates an ATM and "is not the financial institution that holds the account" of the consumer using that ATM. 15 U.S.C. § 1693b(d)(3)(D)(I).  Accordingly, Defendant is the ATM operator as that term is defined in the EFTA.

Defendant's position rests upon two factual predicates, neither of which are in dispute. The first is that during the course of the alleged ATM transaction and prior to having a transaction fee assessed, notice was provided to Plaintiff on the screen of the ATM that such a fee would be levied and also that the notice provided the actual amount of the fee.  This is the "on the screen" notification required by 15 U.S.C. § 1693b(d)(3)(B)(ii).  The essence of Plaintiff's Complaint is that Defendant failed to provide the "on the machine" notice, as required by 15 U.S.C. § 1693b(d)(3)(B)(i), and that such a failure violates the EFTA because the Defendant was required to provide both  the "on the machine" and the "on the screen" notices. *See generally*, Doc. ## 1, 12.  In other words, Plaintiff has not complained about not receiving the "on the screen" notice, and the Court has no reason to infer that the "on the screen" notice was not provided.  The second factual predicate is that Defendant is an FDIC insured state-chartered savings bank that is not a member bank of the Federal Reserve System.  As such, the analysis begins with the inter-relationship between the Federal Reserve Board, the FDIC, and

state-chartered non-Federal Reserve member banks with respect to the notice requirements of the

EFTA.

The EFTA grants to the Board of Governors of the Federal Reserve System ("the Board")

the authority and responsibility to "prescribe regulations to carry out the purposes" of the Act.  15

U.S.C. § 1693b(a).  Accordingly, the Board implemented various administrative regulations

codified at 12 C.F.R. § 205 ("Regulation E"). On the issue of ATM notice, Regulation E

provides:

> (b) *General*.  An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
>> (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>>
>> (2) Disclose the amount of the fee.

12 C.F.R. § 205.16.  To this extent, this general notice provision of Regulation E mirrors the

language of the EFTA with respect to the requirement to inform consumers of ATM transaction fees,

namely that a fee will be imposed and the amount of the fee when compared with 15 U.S.C. §

1693b(d)(3)(A).  There is one term of significance, however, included in Regulation E that is not

found in the actual statutory language regarding what an ATM operator must do to comply with the

notification requirement.  12 C.F.R. § 205.16(c) requires:

> (c)  *Notice requirement*.  To meet the requirements of paragraph (b) in this section, an automated teller machine operator must comply with the following:
>
> (1) *On the machine*.  Post in a prominent and conspicuous location on or at the automated teller machine a notice that:
>
>> (i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; **and**

(2) *Screen or paper notice.*  Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

*Id.* § 205.16(c)(emphasis added).  The inclusion of the word "and" connecting subparagraph (c)(1), the "on the machine" notification requirement, with subparagraph (c)(2), the "screen or paper" notification requirement, makes clear that in order to satisfy the Federal Reserve Board's regulations implementing the EFTA, an ATM operator is required to provide more than one form of notice, namely a posted notice on or at the machine *and* a form of notice on the screen or on paper.  An "on the screen" (or a "screen or paper" notice to use the terminology of Regulation E) alone is not enough.  However, there is no conjunctive term connecting the equivalent language in the EFTA itself.  See, 15 U.S.C. §1693b(d)(3)(B)(i) and (ii).

The EFTA contains express provisions regarding the enforcement of the requirements.  *See* 15 U.S.C. § 1693o.  In particular, the EFTA assigns compliance enforcement to the Board of Directors of the FDIC in the case of a state chartered bank, like Defendant, that is insured by the FDIC but is not a member bank of the Federal Reserve System.  15 U.S.C. § 1693o(1)(C)[1].  To that end, one of the enumerated purposes of the FDIC is to "make examinations of and to require information and reports from depository institutions."  12 U.S.C. §§ 1819 & 1820, *see also*, 12 U.S.C. § 1818(n).

---

[1]  This is consistent with the provisions of the Federal Deposit Insurance Act itself, which identifies the FDIC as the appropriate Federal Banking agency with oversight of Defendant as a state non-Federal Reserve member insured bank.  12 U.S.C. § 1813(q)(3).

Of particular significance, 12 U.S.C. § 1818(t), defines the authority of the FDIC to take enforcement actions with respect to state non-member banks as the equivalent of the Federal Reserve Board's authority with respect to member banks.[2]  For the purpose of enforcing the EFTA, in other words, what the Federal Reserve Board is to member banks of the Federal Reserve system, the FDIC is to non-member banks like Defendant.  *See also*, 12 C.F.R. Appendix B (indicating that the FDIC is the federal agency responsible for enforcing Regulation E on nonmember insured banks).

FDIC examiners and claims agents, appointed by the FDIC Board of Directors, conduct regular examinations of insured state nonmember banks, and have the authority to, *inter alia*, "administer oaths and affirmations, to take or cause to be taken depositions, and to issue, revoke, quash, or modify subpenas and subpenas duces tecum", while the FDIC itself "is *empowered to make rules and regulations with respect to any such* proceedings, claims, *examinations*, or investigations."  12 U.S.C. § 1818(n)(emphasis added).  As such, the FDIC promulgates a Compliance Examination Handbook that is specifically "designed as a reference tool for Compliance examination staff to use when conducting Compliance and Community Reinvestment Act (CRA) examinations and other supervisory activities."  *See*, Compliance

---

[2] 12 U.S.C. § 1818 says in relevant part:
(t) Authority of FDIC to take enforcement action against insured depository institutions and institution-affiliated parties

(4) Corporation's powers; institution's duties
      For purposes of this subsection--

      (A) The Corporation shall have the same powers with respect to any insured depository institution and its affiliates as the appropriate Federal banking agency has with respect to the institution and its affiliates;

Examination Handbook, p. I-1.1, available online via the FDIC website at

http://www.fdic.gov/regulations/compliance/handbook/compmanual.pdf.[3]

Part VI of the Handbook includes a section specifically devoted to compliance with the

requirements of the EFTA.  *Id.* At pp. VI-2.1 - VI-2.18.  This section is organized into

subheadings that provide explanations of the requirements corresponding with the section

numbers of Regulation E.  With respect to compliance with the EFTA regarding notification of

ATM transaction fees, the Handbook includes the following guidance:

> Disclosures at Automated Teller Machines - §205.16
>
> Section 205.16 requires disclosures at ATMs, before a fee can be charged to the consumer.
> This applies when a consumer uses an ATM that is operated by a financial institution or
> other company that does not hold the consumer's account.
>
> In these cases, the operator of the ATM must disclose the fact that a fee will be charged for
> providing EFT services or a balance inquiry, AND the amount of the fee. The ATM operator
> may post this information in prominent and conspicuous location on or at the ATM.
> **Alternatively**, the operator may provide the notice on the ATM screen or on paper, before
> the consumer is obligated to pay a fee.
>
> An ATM operator may only impose a fee on a consumer initiating an EFT service or balance
> inquiry if the consumer is provided with the required notices AND elects to continue the
> transaction after receiving the notice.

Clearly, the inclusion of the word "alternatively" significantly changes the notice requirements

with which an ATM operator must comply when compared to the specific language of

Regulation E noted above.  Instead of clearly requiring both an "on the machine" notice and a

"screen or paper notice" consistent with 12 C.F.R. § 205.16, the language of the Handbook gives

---

[3]A non-PDF, electronic version of the Compliance Examination Handbook can also be
found online at  http://www.fdic.gov/regulations/compliance/handbook/html/index.html.  For the
purpose of this Opinion, however, references to specific content contained within the Handbook
are made to the page numbers of the PDF version.

the ATM operator the choice of either posting the notice that a fee will be charged and the amount of the fee in a prominent or conspicuous location, or in the alternative, providing such notice on the screen or in paper form.

Resolving the disputed facts in favor of the Plaintiff, namely that there was no notification posted at or on the machine at the time of the transaction, and coupling that fact with the undisputed inference that Defendant provided Plaintiff with "on the screen" notification prior to imposing a transaction fee, Defendant has complied with its notification responsibilities as same are explained in the FDIC's own Compliance Examination Handbook.  According to the Handbook, an ATM operator can do one or the other when it comes to providing notice.  For the purpose of this illustration, Defendant chose 'the other'.

Under the EFTA, liability is not imposed in those cases in which a bank has acted in good faith "in conformity with any interpretation ... by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals."  15 U.S.C. § 1693m(d)(1).  In this case, Defendant is entitled to the good faith defense.  Specifically, the Court finds that Defendant's ATM conformed with the Compliance Examination Handbook issued by the FDIC by providing on the screen notice (*see* Handbook at p. VI-2.8), the FDIC has the statutory responsibility to conduct compliance examinations on nonmember banks and to appoint examiners in order to conduct those examinations (12 U.S.C. § 1818(n)), the EFTA specifically delegates enforcement of its provisions with respect to nonmember banks to the FDIC (15 U.S.C. § 1693o), and the Federal Reserve Board itself, through its own implementing regulation, identifies the FDIC as the enforcing agency for nonmember banks (12 C.F.R App. B).  As such, as pled, Plaintiff has failed to state a claim for which relief can be granted.

**CONCLUSION**

For the reasons hereinabove set forth, Defendant's Motion to Dismiss will be granted.

The Court notes that Defendant alternatively moved to dismiss the Complaint pursuant to 15

U.S.C. § 1693h(d), arguing that a sufficient notice was posted on the machine "sometime prior to

June 2, 2009", and that notice was either subsequently removed, damaged, or altered by someone

other than the ATM operator.  *See* Doc. # 7 at Exhibit A.  It is not necessary to reach this

alternative basis raised in Defendant's motion. An appropriate Order follows.


BY THE COURT:


s/ Terrence F. McVerry
United States District Court Judge


cc:     R. Bruce Carlson, Esquire
        Email: bcarlson@carlsonlynch.com
        Gary F. Lynch
        Email: glynch@carlsonlynch.com

        Dorothy A. Davis, Esquire
        Email: ddavis@eckertseamans.com
        April M. Hincy, Esquire
        Email: ahincy@eckertseamans.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAWN DOVER** ) | |
| **individually and on behalf of all others** ) | |
| **similarly situated** ) | **2:09-cv-708** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | |
| **UNION BUILDING AND LOAN** ) | |
| **SAVINGS BANK** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER OF COURT

AND NOW, to wit, this 24th day of August, 2009, in accordance with the

foregoing Memorandum Opinion, Defendant's MOTION TO DISMISS is **GRANTED** and

Plaintiff's Complaint, be and same is hereby **DISMISSED.**


BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge


cc:     R. Bruce Carlson, Esquire
        Email: bcarlson@carlsonlynch.com
        Gary F. Lynch
        Email: glynch@carlsonlynch.com

        Dorothy A. Davis, Esquire
        Email: ddavis@eckertseamans.com
        April M. Hincy, Esquire
        Email: ahincy@eckertseamans.com